UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRAND SERVICES, LLC**                                **CIVIL ACTION**

**VERSUS**                                                      **NO:    15-5712**

**IREX CORPORATION**                              **SECTION: "H" (4)**

ORDER

Before the Court is a **Motion to Compel Examination of Irex's Computers and Server (R. Doc. 52)** filed by Plaintiff seeking an order to compel the production of certain computers and server. The motion is opposed. R. Doc. 57. The motion was submitted on January 4, 2017 and heard with argument on that same day. For the following reasons, the motion is **GRANTED IN PART**.

**I.     Background**

Brand Services LLC, a company that manufactures industrial scaffolds, argues that James Stanich was an informational technology specialist who worked for Brand under a non-compete, non-solicitation and invention assignment agreement. Brand further alleges that Stanich—in violation of that agreement--voluntarily left the company as an information technology specialist on June 30, 2015, and began working for Irex, the Defendant, which is its competitor.  Before he left the company, Brand Services argues that Stanich transferred a number of files that contain trade secrets and proprietary information from his Brand-issued laptop to an external hard drive and later to his Irex-laptop. Further, he allegedly deleted and wiped[1] large amounts of information from the Brand-issued laptop to conceal his actions. Brand Services states that a forensic examination of Stanich's laptop proves that he transferred the files to the Irex-laptop.

---

[1] Wiped is a technical term used to describe a specific deletion activity that overwrites the deleted files so as to make it more difficult to discover what files were deleted.

Brand filed for and received a temporary restraining order ("TRO") in August of 2015 against Stanich and anyone acting in concert with him to surrender any electronic devices used by Stanich since March 1, 2015 and to preserve those devices for forensic examination by Brand. Stanich complied with the TRO. By agreement with Stanich, the TRO was converted to a preliminary injunction. Brand subsequently entered a Settlement Agreement with Stanich, which converted the preliminary injunction into a permanent injunction. After the settlement, Irex stated that the forensic examinations would cease and the computer would be returned to Irex. Brand objected, citing the permanent injunction. When the parties failed to agree, Brand filed the instant suit for injunctive relief as well as damages under the Louisiana Uniform Trade Secrets Act against Irex as it argues that Irex acquired trade secrets including files regarding Brand's scaffold tracker software that Stanich allegedly stole from the company. Brand has further allegedly identified through computer inspection that Leslie Johnson and Albert Rowe are also individuals involved with Stanich in the scheme to use Brand's proprietary business information. R. Doc. 52-2, p. 1. Both Johnson and Rowe were also former Brand employees who allegedly downloaded, disseminated, and used Brand's information at Irex and Vertical Access.

On August 5, 2016, Brand served Irex with its First Request for Production. R. Doc. 52-2, p. 2; R. Doc. 52-4. As part of that first request, Brand sought the production of all computers or a full verified forensic image of such computers of Rowe, Johnsons, and Stanich. R. Doc. 52-4, p. 5-6 (Request Nos. 9, 10, 11). Brand further sought the production of a full verified forensic image of Irex's \\ts283 server. *Id.* at p. 6 (Request. No. 12). In response to those requests, Irex object to the production on a number of grounds, including: (i) the vast majority of information on the computers is irrelevant to the instant litigation; (ii) the information on the computer constitutes Irex's trade secret and other proprietary information; and (iii) the information may contain private,

confidential or privileged information. R. Doc. 52-6, p. 4. Nonetheless, Irex indicated that it was willing to enter into a protocol for the inspection of the computers so that the computers and images could remain in Irex's control. *Id.* Brand further alleges that Irex seeks to limit production to responsive hits to a key word search. R. Doc. 52-2, p. 3.

## II.     **Standard of Review**

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Moreover, Rule 34 allows a party to ask request production to the extent of Rule 26(b). Fed. R. Civ. P. 34(a).

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered."  Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. In particular, Rule 37(a)(3)(b)(iii)-(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to answer an interrogatory" or "fails to produce documents." An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

**III.    Analysis**

Brand filed the subject motion seeking to compel the production of all computers or a full verified forensic image of such computers of Rowe, Johnsons, and Stanich. R. Doc. 52. Brand further seeks the production of a full verified forensic image of Irex's \\ts283 server. *Id.*. In opposition, Irex does not argue that Brand is not entitled to some production in connection with these devices or the server; however, Irex does argue that an unfettered, direct investigation of these devices is too broad a scope. R. Doc. 57, p. 4. Additionally, Irex states any production should be subject to an electronically stored information protocol to govern the search of these devices. *Id.* As such, the Court need only address the scope of the production.

As an initial matter, Brand's request for a "direct investigation" of Irex's computer is an overly broad and disproportional request. In fact, most of cases cited by Brand in support of its motion to compel do not appear to contemplate a direct production of a verified or mirror image to the requesting party; rather, most courts have approved some procedure or protocol to allow for

keyword searches or other means to protect against the disclosure of privileged or irrelevant information. *See Balboa Threadworks, Inc. v. Stucky*, No. 05-1157, 2006 WL 763669 at *4-5 (D. Kan. Mar. 24, 2006) ("No searches of the mirror images obtained through the use of this Order shall be conducted until the parties have agreed on an appropriate search protocol that will address the issue of protection of attorney client privilege and non-business related personal information which may be located on the computer hard drives."); *Frees v. McMillian,* No. 05-1979, 2007 WL 184889 at *3-4 (W.D. La. Jan. 22, 2007); *M-I LLC v. Stelly*, No. 09-1552, 2011 U.S. Dist. LEXIS 134300, at *7-8 (S.D. Tex. Nov. 21, 2011); *Computer Assoc. Int'l, Inc. v. Quest Software, Inc.*, No. 02-4721, 2003 WL 21277129 at *1 (N.D. Ill. June 3, 2003). Moreover, as the Court in *Stelly* explains:

> As recognized by the Advisory Committee, Rule 34(a) "is not meant to create a routine right of direct access to a party's electronic information system," as "[i]nspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy." Fed. R. Civ. P. 34, Notes of Advisory Committee on 2006 Amendments. Thus, "[c]ourts should guard against undue intrusiveness resulting from inspecting or testing such systems." *Id.*

*Stelly,* 2011 U.S. Dist. LEXIS 134300, at *7. As such, the Court will not allow for a direct examination of these computers or the server.

Rather, because both parties seem to acknowledge that there is some relevant information contained on the computers and server, the Court orders both parties to formulate a draft ESI protocol to govern discovery/examination of these computers and to submit that draft to the Court. As outlined during oral arguments, the parties are to develop an ESI protocol that contemplates key word searches so as to control costs and to keep discovery proportional to the needs of this case. After the parties have developed a draft, each party may inform the Court by separate letters of any concerns they might have with the draft ESI protocol. Thereafter, the Court will conduct

another status conference in chambers with the Parties to resolve any remaining disputes concerning the ESI protocol.

 IV. **Conclusion**

**IT IS ORDERED** that the Plaintiff's **Motion to Compel Examination of Irex's Computers and Server (R. Doc. 52)** is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that the Plaintiff's motion is **DENIED** to the extent that the Plaintiff seeks a direct forensic examination of the computers and server.

**IT IS FURTHER ORDERED** that the Plaintiff's motion is **GRANTED** to the extent that the parties must develop an ESI protocol to allow for discovery of information on the computers and server.

**IT IS FURTHER ORDERED** that the parties are to develop a draft ESI protocol and submit it to the Court's email (efile-Roby@laed.uscourts.gov) within ten (10) days of the signing of this order.

New Orleans, Louisiana, this 5th day of January 2017.

                                                                   *[signature]*
                                                             **KAREN WELLS ROBY**
                                                   **UNITED STATES MAGISTRATE JUDGE**