UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRAND SERVICES, LLC**          CIVIL ACTION

**VERSUS**                       NO:    15-5712

**IREX CORPORATION**             SECTION: "H" (4)

## ORDER AND REASONS

Before the Court is a **Motion to Compel (R. Doc. 75)** filed by Plaintiff seeking an order to compel discovery responses. The motion is opposed. R. Doc. 81. The motion was submitted on March 29, 2017. For the following reasons, the motion is **DENIED.**

**I.    Background**

Brand Services LLC, a company that manufactures industrial scaffolds, argues that James Stanich was an informational technology specialist who worked for Brand under a non-compete, non-solicitation and invention assignment agreement. Brand further alleges that Stanich—in violation of that agreement--voluntarily left the company as an information technology specialist on June 30, 2015, and began working for Irex, the Defendant, which is its competitor.  Before he left the company, Brand Services argues that Stanich transferred a number of files that contain trade secrets and proprietary information from his Brand-issued laptop to an external hard drive and later to his Irex-laptop. Further, he allegedly deleted and wiped[1] large amounts of information from the Brand-issued laptop to conceal his actions. Brand Services states that a forensic examination of Stanich's laptop proves that he transferred the files to the Irex-laptop.

Brand filed for and received a temporary restraining order ("TRO") in August of 2015 against Stanich and anyone acting in concert with him to surrender any electronic devices used by Stanich since March 1, 2015 and to preserve those devices for forensic examination by Brand. Stanich complied with the TRO. By agreement with Stanich, the TRO was converted to a

---

[1] Wiped is a technical term used to describe a specific deletion activity that overwrites the deleted files so as to make it more difficult to discover what files were deleted.

1

preliminary injunction. Brand subsequently entered a Settlement Agreement with Stanich, which converted the preliminary injunction into a permanent injunction. After the settlement, Irex stated that the forensic examinations would cease and the computer would be returned to Irex. Brand objected, citing the permanent injunction. When the parties failed to agree, Brand filed the instant suit for injunctive relief as well as damages under the Louisiana Uniform Trade Secrets Act against Irex as it argues that Irex acquired trade secrets including files regarding Brand's scaffold tracker software that Stanich allegedly stole from the company. Brand has further allegedly identified through computer inspection that Leslie Johnson and Albert Rowe are also individuals involved with Stanich in the scheme to use Brand's proprietary business information. R. Doc. 52-2, p. 1. Both Johnson and Rowe were also former Brand employees who allegedly downloaded, disseminated, and used Brand's information at Irex and Vertical Access.

On August 5, 2016, Brand served Irex with its First Request for Production. R. Doc. 75-1, p. 1. In particular, that request sought: (i) documents related to Irex's use of Brand information; (ii) Irex's transfer and possession of Brand information; (iii) computers or verified forensic images of computers of Irex/Former-Brand employees; and (iv) a verified forensic image of server TS283. *Id.* at p. 1-2. After initially whole-scale objecting to the discovery requests, Irex supplemented its responses on October 21, 2016, agreeing to produce documents related to Requests for Production Nos. 1-3, 6-8, and 16-19 but objecting further to the remaining requests. *Id.* at p. 2; R. Doc. 75-2, p. 46-54.

Subsequently, on November 30, 2016, Brand filed a motion to compel the forensic examination of Irex's computers—numbers (iii) and (iv) above. R. Doc. 52. On January 6, 2017, the Court granted that motion in part, providing for an examination of those computers only after a proper ESI Protocol had been put in place. R. Doc. 61. As such, the Court ordered the Parties to prepare and submit a draft ESI Protocol to the Court no later than ten (10) days from the signing of that order. *Id.* To date, the Court has not received a draft ESI Protocol as ordered.

Previously, on August 25, 2016, the Court extended previously set deadlines such that the discovery deadline was set for February 17, 2017 and trial was set for May 4, 2017. R. Doc. 39. At this time, those deadlines remain in place.

On March 17, 2017, Brand filed a motion for leave to file a motion to compel discovery. Seeking to resolve the issue, the Court granted the motion for leave to file and set the motion to compel for submission on March 29, 2017. R. Doc. 74.

In its motion to compel, Brand argues that Irex should be compelled to further supplement its discovery responses for those requests Irex has already responded to and to respond to those requests to which it objected. R. Doc. 75-1, p. 5-9. In addition to arguing that Irex's objections to production to be waived or overruled, Brand argues that Irex abused the discovery process by essentially promising to further supplement its responses but never doing so. *Id.* at p. 3. Brand argues that when the deadline for discovery passed, Irex surprisingly changed stances and refused to produce any other documents. *Id.* Brand also avers that a March 4, 2017 email indicating that Irex would be open to possibly providing more documents under certain terms indicates that it did not fully respond to prior requests and has thus failed to continue to supplement its responses with responsive documents as required.

In opposition to Brand's motion to compel, Irex states that any representation by Brand that Irex was continuing to search for or promised to produce further discovery is patently false. R. Doc. 81, p. 7-9. Irex argues that Brand's motion to compel is procedurally too late as it comes well after the discovery deadline has passed and only after a motion for summary judgment has been filed. *Id.* at p. 4-6.

**II.    Standard of Review**

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.*

3

Moreover, Rule 34 allows a party to ask request production to the extent of Rule 26(b). Fed. R. Civ. P. 34(a).

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. In particular, Rule 37(a)(3)(b)(iii)-(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to answer an interrogatory" or "fails to produce documents." An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

4

Federal Rule of Civil Procedure 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine if good cause exists, the Court should consider: (1) the movant's explanation for its failure to timely act; (2) the importance of the motion; (3) the potential prejudice in allowing the motion; and (4) the availability of a continuance to cure that prejudice. *See S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir.2003). Moreover, "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id.* at 5353 (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)); *see also Jackson v. Wilson Welding Servs., Inc.*, No. 10-2843, 2012 WL 14265 (E.D. La. Jan. 4, 2012).

### III.  Analysis

"It is axiomatic that to complete discovery means that all disputes relative to discovery. . .must be filed and resolved prior to that date." *Fairley v. Wal-Mart Stores, Inc.* No. 14-0462, 2016 WL 2992534, at *1 (E.D. La. May 24, 2016). Here, Brand seeks an order of the Court to compel the production of documents well after the deadline for discovery has passed. Without considering the merits of Brand's arguments in its motion to compel, the Court must first determine if Brand has demonstrated good cause to allow for this out of time motion and discovery.

Brand's only explanation for its failure to either file its motion to compel prior to the discovery deadline is that it was relying on representations made by Irex that more discovery would be forth coming. R. Doc. 75-1, p. 3. Similarly, in a separate memonrandum explaining its failure to provide a draft ESI Protocl, Brand doubles down on this argument, stating that "[b]ased on these representations from Irex about its impending production of documents, Brand had hoped to eliminate some costs by first seeing what Irex's production disclosed. It was anticipated that negotiating a feasible Protocol….would take an extended period and would be quite expensive." R. Doc. 85, p. 3.

In response, Irex flatly denies that it made any such promises or representations that more discovery would be forth coming following its October 21, 2016 supplementation. R. Doc. 81, p. 7-9. As such, Irex argues that Brand should have been aware of any problems with Irex's productions since at least October 21, 2016 and should have filed a motion if one was necessary within the discovery deadline.

During oral argument, the Court further inquired into the sequence of events that led to this late filed motion to compel. In particular, the Court sought information as to why neither party complied with the Court's order to draft and submit an ESI protocol and why Brand waited until March to file the instant motion. Unsurprisingly, the Court was unimpressed with what it heard.

Brand stated again that it had been in communication with Irex concerning additional supplementation to the discovery responses served in October, 2016. Brand further stated that it was attempting to avoid the expense and month long process it would take to draft and effect an ESI Protocol in light of the discovery responses it thought was forthcoming. Brand argued that the sole reason that it was delayed in filing the instant motion was in reliance of alleged promises by Irex that more discovery was forth coming.

As to Brand's assertions, the Court expressed during oral argument its disappointment that Brand's counsel has seemingly refused to diligently pursue discovery until the eleventh hour of this case and well past the discovery deadline. Simply put, even if Irex had made the alleged promises as to forth coming discovery—promises which appear to be evidenced only by Brand's counsels assertion and not by any written documents or other evidence—Brand's counsel decision to not file a motion to compel before the February 17, 2017 deadline is regrettable and potentially inexcusable. Brand received Irex's allegedly deficient responses on October 21, 2016. Brand was aware of the deadlines imposed by District Court. To wait nearly four months on alleged promises of forthcoming discovery and not take action to diligently ensure that the discovery deadline is met is not conduct that meets the good cause standard under Rule 16 nor provides an acceptable

6

explanation for the failure to timely take action. Certainly, this inaction is even more unacceptable given that Brand demonstrated its ability to evaluate the discovery and take action by filing a motion to compel on other forms of discovery.

Moreover, the Court notes that Irex's counsel represented that the alleged promises were never made. Irex stated that following the hearing on Brand's previous motion to compel and the Court's order to draft an ESI Protocol the Parties engaged in a number of depositions. Irex stated that during those depositions and afterwards Brand's counsel never expressed to Irex's counsel that further discovery was needed or that they needed to work on the draft ESI Protocol. From this, Irex assumed that Brand had no issue with the discovery that had been produced.

Nonetheless, the Court is nonplussed with Irex's apparent gamesmanship during this process. While Irex stated that it too sought to avoid the cost of the ESI Protocol and thus did not actively pursue the drafting of an ESI Protocol with Brand, the Court's order instructed *both* parties to draft and submit the ESI Protocol. Moreover, Irex appeared to represent during oral argument that it had set up procedures to find further responsive documents that it indicated in its supplemental response it would look for, but that it was waiting on Brand to indicate that it needed more discovery before it took action. This behavior is also unacceptable.

Given all of the foregoing, Brand's motion to compel is denied. Brand has not shown that it could have not have reasonably met the deadlines set by the Court. *See S & W Enterprises, L.L.C.*, 315 F.3d at 535. Brand received the supplemental responses in October of 2016 and was seemingly aware of issues with the sufficiency of its production even if it was in contact with Irex as it alleges. Moreover, Brand's ability to act within the deadline is clearly demonstrated by the fact that it was able to file one motion to compel within the deadline. Without any evidence in support of its contention beyond the statements of its counsel, the Court will not accept Brand's representation that it was relying on Irex's bad faith promises to provide more discovery as an adequate explanation for its failure to act. Certainly, Brand's decision to avoid costs and not pursue

the drafting of an ESI Protocol pursuant to this Courts order suggests that Brand was actively making strategic decisions about discovery. Therefore, Brand has not met Rule 16(b)(4)'s good cause standard which "require[s] the movant to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Puig v. Citibank, N.A.*, 514 F. App'x 483, 487-88 (5th Cir. 2013).

Moreover, even if the Court moved past the threshold question and into the factors, Brand's motion has still failed to show good cause. First, as discussed, the Court finds Brand's explanation unconvincing. Second, the importance of the motion is serverely undercut by Brand's decision to not actively pursue the discovery at issue until almost a month after the discovery deadline. Third, allowing the discovery now would prejudice Irex with late discovery after its Motion for Summary Judgment (R. Doc. 67) has been filed and with trial less than two months away. Fourth, allowing the discovery now might potentially disrupt the currently set trial date, and the District Court has already continued the deadlines once. As such, the Court denies the motion to compel as untimely. Should the District Court decide to continue the trial date, Brand may re-urge its motion.

Finally, the Court reminds Irex that even though the discovery deadline has passed that it does have a continuing obligation to supplement its discovery responses. The Federal Rules of Civil Procedure provide:

> A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response: in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing

Fed. R. Civ. P. 26(e)(1)(A); *see also Who Dat Yat Chat, LLC v. Who Dat, Inc.*, No. 10-1333, 2011 WL 4018320 at *3-4 (E.D. La. Sept. 9, 2011). Should Irex be aware of any discovery responses in its possession which are responsive to Brand's prior discovery requests to which Irex did not object but stated that it would supplement if responsive documents were discovered, Irex should

8

supplement those responses. This appears to be true for Request for Production Nos. 1-4, 6, 16-19.

### IV.     Conclusion

Accordingly,

**IT IS ORDERED** that **Motion to Compel (R. Doc. 75)** is **DENIED**.

**IT IS FURTHER ORDERED** that Irex Corporation comply with its obligations under Federal Rules of Civil Procedure 26(e)(1)(A).

New Orleans, Louisiana, this 30th day of March 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**