UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRAND SERVICES, LLC                         CIVIL ACTION

VERSUS                                      NO: 15-5712

IREX CORPORATION                            SECTION: "H"(1)


**ORDER AND REASONS**

Before the Court is Defendant's Motion for Summary Judgment (Doc. 67). For the following reasons, the Motion is GRANTED.

**BACKGROUND**

Plaintiff Brand Services LLC alleges that its former employee, James Stanich, stole files containing confidential and proprietary information belonging to Plaintiff when he left the company to work with Defendant Irex Corporation. Plaintiff's Complaint contends that Irex has acquired its trade secrets and has profited off of this information. Plaintiff brings claims under the Louisiana Uniform Trade Secrets Act ("LUTSA") and for the tort of conversion. Defendant has filed the instant Motion for Summary Judgment

1

alleging that Plaintiff cannot show that it has suffered any damages and therefore cannot succeed on its LUTSA claim.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 532 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Defendant moves for summary judgment on the grounds that Plaintiff cannot show that it has suffered any actual damages or harm from the alleged misappropriation of its trade secrets. Defendant argues that under LUTSA, Plaintiff must show actual loss caused by the misappropriation to succeed on its claim. Plaintiff opposes this Motion, arguing that (1) Defendant has refused to produce relevant documents that would aid it in establishing its damages; (2) Plaintiff can show that Defendant improperly used its trade secrets resulting in unjust enrichment; and (3) Defendant failed to move for dismissal of Brand's state law conversion claim. This Court will consider each argument in turn.

### 1. Outstanding Discovery

First, Plaintiff contends that Defendant has not produced all of the documents responsive to its requests, and it argues that these documents are necessary for it to quantify its damages. Prior to raising this argument in its

---

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

opposition but after the discovery deadline in this matter, Plaintiff filed a Motion to Compel Production of Documents and a Motion for Extension of Deadlines.[9] Both of these motions were denied. Accordingly, because the discovery deadline in this matter has passed, Plaintiff cannot argue that discovery remains that will assist it in defending this motion.

2. **LUTSA**

Next, Defendant alleges that Plaintiff cannot show that it suffered any damages because of the alleged misappropriation of its trade secret. Under LUTSA, "[i]n addition to or in lieu of injunctive relief, a complainant may recover damages for the actual loss caused by misappropriation. A complainant also may recover for the unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss."[10]

Plaintiff argues that Defendant has been unjustly enriched by the use of its trade secrets. Specifically, it argues that Stanich copied an application developed by Brand called Schedule D, which aids in invoicing, preparing quotes, and estimating and comparing the cost of projects. Plaintiff alleges that Stanich created a version of Schedule D for use by his new employer, Defendant's subsidiary Vertical Access Solutions ("VAS"). Plaintiff alleges that the Schedule D program developed by Stanich has saved VAS in administrative personnel costs and allows the company to be more efficient and effective. Plaintiff alleges that these facts demonstrate that VAS has been unjustly enriched by the use of its trade secrets. It also alleges that its trade

---

[9] Docs. 75, 79.
[10] La. Rev. Stat. § 51:1433.

4

secrets have independent economic value because of the development costs and efficiencies gained from their use.

Defendant rebuts that VAS is not a party to this case and that Defendant cannot be held liable for the unjust enrichment of its subsidiary. It is well-settled that a parent corporation is not liable for the acts of its subsidiary.[11] Plaintiff has not provided any facts or argument through which this Court could hold Defendant liable for the unjust enrichment of its subsidiary, VAS. Plaintiff also has not provided any facts showing that Defendant itself benefited from the alleged misappropriation of Plaintiff's trade secrets. Accordingly, Plaintiff cannot succeed on its claim against Defendant under the LUTSA.

### 3. Conversion

Finally, Plaintiff points out that Defendant's Motion for Summary Judgment fails to move for dismissal of its conversion claim. While Defendant provides argument for dismissal of the conversion claim in its Reply Memorandum, "[i]t is the practice of [the Fifth Circuit] and the district courts to refuse to consider arguments raised for the first time in reply briefs."[12] Accordingly, this Court declines to address these arguments.

---

[11] *Andry v. Murphy Oil, U.S.A., Inc.*, 935 So. 2d 239, 249–50, (La. App. 4 Cir. 2006) ("Louisiana law does not permit a court to hold the parent company liable for it subsidiary's actions without proof that the parent company knew of and approved those actions.").

[12] *Gillaspy v. Dall. Indep. Sch. Dist.*, 278 Fed.Appx. 307, 315 (5th Cir. 2008).

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's LUTSA claim is DISMISSED WITH PREJUDICE. Only Plaintiff's conversion claim remains.

New Orleans, Louisiana this 2nd day of May, 2017.

**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**