UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| BRAND SERVICES, LLC | CIVIL ACTION |
|---|---|
| VERSUS | NO: 15-5712 |
| IREX CORPORATION | SECTION: "H" (4) |

## ORDER

Before the Court is a **Motion to Enforce Court Order (R. Doc. 94)** filed by Plaintiff seeking an order to compel the Defendant to supplement certain discovery responses. The motion is opposed. R. Doc. 101. The motion was submitted on May 10, 2017.

### I. Background

Brand Services LLC, a company that manufactures industrial scaffolds, argues that James Stanich was an informational technology specialist who worked for Brand under a non-compete, non-solicitation and invention assignment agreement. Brand further alleges that Stanich—in violation of that agreement--voluntarily left the company as an information technology specialist on June 30, 2015, and began working for Irex, the Defendant, which is its competitor. Before he left the company, Brand Services argues that Stanich transferred a number of files that contain trade secrets and proprietary information from his Brand-issued laptop to an external hard drive and later to his Irex-laptop. Further, he allegedly deleted and wiped[1] large amounts of information from the Brand-issued laptop to conceal his actions. Brand Services states that a forensic examination of Stanich's laptop proves that he transferred the files to the Irex-laptop.

Brand filed for and received a temporary restraining order ("TRO") in August of 2015 against Stanich and anyone acting in concert with him to surrender any electronic devices used by Stanich since March 1, 2015 and to preserve those devices for forensic examination by Brand. Stanich complied with the TRO. By agreement with Stanich, the TRO was converted to a

---

[1] Wiped is a technical term used to describe a specific deletion activity that overwrites the deleted files so as to make it more difficult to discover what files were deleted.

preliminary injunction. Brand subsequently entered a Settlement Agreement with Stanich, which converted the preliminary injunction into a permanent injunction. After the settlement, Irex stated that the forensic examinations would cease and the computer would be returned to Irex. Brand objected, citing the permanent injunction. When the parties failed to agree, Brand filed the instant suit for injunctive relief as well as damages under the Louisiana Uniform Trade Secrets Act against Irex as it argues that Irex acquired trade secrets including files regarding Brand's scaffold tracker software that Stanich allegedly stole from the company. Brand has further allegedly identified through computer inspection that Leslie Johnson and Albert Rowe are also individuals involved with Stanich in the scheme to use Brand's proprietary business information. R. Doc. 52-2, p. 1. Both Johnson and Rowe were also former Brand employees who allegedly downloaded, disseminated, and used Brand's information at Irex and Vertical Access.

On March 30, 2017, the Court denied a motion to compel filed by Brand which sought an order compelling Irex to produce further discovery. The Court found that Brand had not timely moved for relief in connection with discovery nor demonstrated good cause to allow out-of-time discovery. R. Doc. 88. As part of its order, the Court also reminded Irex of its duty to supplement discovery requests under Federal Rules of Civil Procedure 26(e)(1)(A) and ordered it to comply with those obligations. *Id.* Irex appeared to represent during oral argument that it had set up procedures to find further responsive documents that it indicated in its supplemental response it would look for, but that it was waiting on Brand to indicate that it needed more discovery before it took action. Finally, on April 4, 2017, the District Court denied Brand's motion to continue trial and extend deadlines. Nonetheless, the District Court has recently continued the pre-trial conference and trial dates, but has extended no other deadlines. R. Doc. 102.

Brand has now filed a Motion to Enforce Court Order. R. Doc. 94. Brand argues that Irex has not supplemented its responses and has not conducted any search for further responsive documents. R. Doc. 94-1, p. 2. As such, Brand believes that Irex has not complied with the Court's

order. *Id.* Irex has taken the position that its currently unaware of any documents falling within the documents requested other than those produced already either in response to discovery or produced during or attached to a deposition. R. Doc. 101, p. 2. Irex has stated such to both the undersigned as well as the District Judge.

> As this Court has previously explained, the Federal Rules of Civil Procedure provide:
>
> A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response: in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing

Fed. R. Civ. P. 26(e)(1)(A); *see also Who Dat Yat Chat, LLC v. Who Dat, Inc.*, No. 10-1333, 2011 WL 4018320 at *3-4 (E.D. La. Sept. 9, 2011). And, indeed, this Court did remind and order Irex of this obligation. R. Doc. 88, p. 8-9. However, "'[o]rdinarily, the representation of a party's attorney that no additional documents exist is sufficient to defeat a motion to compel absent credible evidence that the representation is inaccurate. Consequently, if plaintiffs ... 'do not provide any evidence demonstrating that responsive documents do, in fact, exist and are being unlawfully withheld, their motion to compel must fail.'" *Washington v. Tubbs*, No. 3:13–cv–0217, 2013 WL 6796429, at *2 (W.D. La. Dec. 19, 2013) (quoting *Brown v. Tellermate Holdings, Ltd.*, 2:11–cv–1122, 2013 WL 1363738, at *6 (S.D. Ohio April 3, 2013)).

At this time, Brand maintains that Irex has failed comply with its obligation because Irex's attorney stated in an email that "I am of the view that I presently have no 'obligation to search for those categories of documents and produce responsive documents that I have.'" R. Doc. 94-4, p. 2. However, this is a short-cited reading of the Irex's attorney's communication. The email initially states, "I reiterate what I said during oral argument before Judge Milazzo on April 5, 2017: I am presently unaware of the existence of any document that falls within the description of documents requested, other than the documents that have been described in the parties' exhibit lists, those that

have already been produced, and those that have been produced during and attached to depositions taken in this case." *Id.* Taking the email as a whole and understanding that no evidence has been produced to demonstrate that Irex has withheld documents, the Court cannot find at this time that Irex has failed to comply with its obligation to supplement. Therefore, the Court denies the present motion.

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that **Motion to Enforce Court Order (R. Doc. 94)** is **DENIED**.

New Orleans, Louisiana, this 11th day of May 2017.

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**