# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRAND SERVICES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-5712** |
| **IREX CORPORATION** | **SECTION: "H" (4)** |

## ORDER

Before the Court is the Plaintiff Brand Services, LLC ("Brand")'s **Motion for Reconsideration of the Court's Decision Denying Motion to Enforce Court Order (R. Doc. 122)** asking this Court to reconsider its denial of Brand's prior Motion to Enforce Court Order. Also before the Court are Brand's **Motion for Extension of time to Submit Order and to Extend the Submission Date for Its Motion for Reconsideration of the Court's Decision Denying Motion to Enforce Court Order (R. Doc. 133)** and a **Motion to Expedite Consideration of the Motion for Extension of time to Submit Order and to Extend the Submission Date for Its Motion for Reconsideration of the Court's Decision Denying Motion to Enforce Court Order (R. Doc. 134)**.

As part of its motion for reconsideration, Brand argues that a number of documents demonstrate that Irex Corporation ("Irex") has not complied with its discovery obligations to supplemental prior discovery responses. However, those documents were discovered in a separate lawsuit in Pennsylvania and are subject to a protective order which limits those documents to use in that lawsuit only. R. Doc. 122-1, p. 3. Brand has filed a motion seeking leave to use the documents in the Louisiana lawsuit. R. Doc. 133-2. Before the Court can consider the instant motion, it must determine if the alleged documents are properly considered by it. The Court has previously ordered Brand to produce proof that the Pennsylvania court has permitted those documents to be used in this litigation. At this time, Brand has stated that it is still waiting for the Pennsylvania Court to rule on its motion to use those documents. R. Doc. 133. As such, at this time, the Court cannot consider those documents and finds that it is imprudent to consider the

motion for reconsideration. However, given that it is unclear when the Pennsylvania Court may rule on that motion, the Court does not know when it can continue the submission date on the motion for reconsideration and will not continue that date indefinitely. Therefore, the Court will **GRANT** the motion to expedite, **DENY** the motion to continue, and **DENY WITHOUT PREJUDICE TO REFILE** the motion for reconsideration. Brand may refile its motion once it has obtained permission to use those documents in this court.

Accordingly,

**IT IS ORDERED** that Brand Services, LLC's **Motion to Expedite Consideration of the Motion for Extension of time to Submit Order and to Extend the Submission Date for Its Motion for Reconsideration of the Court's Decision Denying Motion to Enforce Court Order (R. Doc. 134)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Brand Services, LLC's **Motion for Extension of time to Submit Order and to Extend the Submission Date for Its Motion for Reconsideration of the Court's Decision Denying Motion to Enforce Court Order (R. Doc. 133)** is **DENIED.**

**IT IS FURTHER ORDERED** that Brand Services, LLC's **Motion for Reconsideration of the Court's Decision Denying Motion to Enforce Court Order (R. Doc. 122)** is **DENIED WITHOUT PREJUDICE TO REFILE.**

New Orleans, Louisiana, this 5th day of July 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**