UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRAND SERVICES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-5712** |
| **IREX CORPORATION** | **SECTION: "H"(1)** |

### ORDER AND REASONS

Before the Court is Defendant's Second Motion for Summary Judgment (Doc. 104) and Plaintiff's Motion for Reconsideration (Doc. 105). For the following reasons, Defendant's Motion is GRANTED, and Plaintiff's Motion is DENIED.

### BACKGROUND

Plaintiff Brand Services LLC alleges that its former employee, James Stanich, stole files containing confidential and proprietary information belonging to Plaintiff when he left the company to work with Defendant Irex Corporation. Plaintiff's Complaint contends that Irex has acquired its trade secrets and has profited from this information. Plaintiff brought claims under the Louisiana Uniform Trade Secrets Act ("LUTSA") and for the tort of

1

conversion. On May 3, 2017, this Court granted Defendant's Motion for Summary Judgment on Plaintiff's LUTSA claim, holding that Plaintiff could not show that Irex had been unjustly enriched by the alleged misappropriation. Instead, all of Plaintiff's arguments indicated that Irex's subsidiary, Vertical Access Solutions ("VAS"), had benefited. This Court held that Plaintiff had not provided any facts or argument through which this Court could hold Irex liable for the unjust enrichment of its subsidiary.

In its Motion for Summary Judgment, Defendant inadvertently failed to move for dismissal of Plaintiff's state law conversion claim. This Court granted Defendant the opportunity to do so. Thereafter, Plaintiff filed the instant Motion for Reconsideration of the dismissal of its LUTSA claim. This Court will consider each Motion in turn.

## LEGAL STANDARD

### A. Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

2

all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

**B. Motion for Reconsideration**

A Motion for Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), which states that: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to

---

[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 532 (5th Cir. 1997).

[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[9] "'[T]he power to reconsider or modify interlocutory rulings is committed to the discretion of the district court, and that discretion is not cabined by the heightened standards for reconsideration' governing final orders."[10]

## LAW AND ANALYSIS

### A. Motion for Summary Judgment

At this Court's behest, Defendant now moves for summary judgment on Plaintiff's claim for state law conversion. Defendant argues that Plaintiff's conversion claim should be dismissed because (1) it is preempted by LUTSA, (2) Louisiana does not recognize a claim for conversion of incorporeals, and (3) Brand cannot show damages. Because this Court ultimately finds that Plaintiff's conversion claim is preempted by LUTSA, it need not address Defendant's other arguments.

In its argument that LUTSA preempts Plaintiff's conversion claim, Defendant points to the section of LUTSA, adopted from the Uniform Trade Secret Act ("UTSA"), which states that the Act "displaces conflicting tort, restitutionary, and other laws of this state pertaining to civil liability for

---

[9] *Austin v. Kroger Texas, L.P.,* No. 16-10502, 2017 WL 1379453, at *9 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).
[10] *Id.* (quoting *Saint Annes Dev. Co. v. Trabich*, 443 Fed.Appx. 829, 831–32 (4th Cir. 2011).

4

misappropriation of a trade secret."[11] Defendant argues that pursuant to this section, LUTSA provides the exclusive remedy for all claims regarding the misappropriation of business information. Although the Louisiana Supreme Court has not yet addressed this issue, other courts considering similar UTSA statutes have adopted this approach.[12] Indeed, the majority approach is that the UTSA "preempts noncontractual legal claims protecting business information, whether or not the business information is a Uniform Act trade secret"[13] "These courts articulate the standard differently, but the thrust of their interpretation is this: A claim is not preempted if the plaintiff is able to show the claim is based on facts unrelated to the misappropriation of the trade secret."[14]

In addition, "[m]ost courts considering whether UTSA preempts a claim for conversion of trade secrets have concluded that it does."[15] Those courts

---

[11] La. Rev. Stat. § 51:1437. This statute is identical to the 1979 version of the UTSA. In 1985, the UTSA was amended to state that the Act "displaces conflicting tort, restitutionary, and other law of this State *providing* civil remedies for misappropriation of a trade secret." "The 1985 Amendment replacing 'pertaining to' with 'providing for' in the sense of 'dealing with' was not a substantive change. Richard F. Dole, Jr., *Preemption of Other State Law by the Uniform Trade Secrets Act*, 17 SMU SCI. & TECH. L. REV. 95, 107 (2014).

[12] *See 360 Mortgage Group, New S. Equip. Mats, LLC v. Keener*, 989 F. Supp. 2d 522, 534 n.6 (S.D. Miss. 2013) (collecting cases).

[13] Richard F. Dole, Jr., *Preemption of Other State Law by the Uniform Trade Secrets Act*, 17 SMU SCI. & TECH. L. REV. 95, 109 (2014). "Under the 'minority approach,' Uniform Act preemption exists only if business information is a Uniform Act trade secret." *Id.*

[14] *360 Mortg. Grp., LLC v. Homebridge Fin. Servs., Inc.*, No. A-14-CA-00847-SS, 2016 WL 900577, at *6 (W.D. Tex. Mar. 2, 2016).

[15] *Id.* at *7; s*ee New S. Equip. Mats, LLC v. Keener*, 989 F. Supp. 2d 522, 534 n.6 (S.D. Miss. 2013) (collecting cases); *PHA Lighting Design, Inc. v. Kosheluk*, No. 1:08-CV-01208-JOF, 2010 WL 1328754, at *10 (N.D. Ga. Mar. 30, 2010) ("Eleventh Circuit and Georgia precedent clearly holds that where the allegedly misused information actually does rise to the level of a trade secret, claims of conversion and unjust enrichment are preempted, to the extent they are based on a trade secret.")

have further held that claims for conversion of confidential and proprietary information, in addition to trade secrets, are likewise preempted.[16] "Most courts considering this question have determined UTSA was intended to preempt all claims based upon the unauthorized use of information."[17] Plaintiff has not presented any compelling arguments to the contrary, and this Court is therefore compelled to follow the majority approach.[18] Plaintiff's claims for conversion of its trade secrets and proprietary or confidential business information are therefore preempted by LUTSA.

---

[16] *360 Mortg. Grp., LLC*, 2016 WL 900577, at *6.

[17] *Id.*; *see Diamond Power Int'l, Inc. v. Davidson*, 540 F. Supp. 2d 1322, 1345 (N.D. Ga. 2007) ("If a plaintiff could alternatively recover for misappropriation of non-proprietary information or misappropriation of unguarded proprietary information, the legislative judgment contained in the GTSA—that such information should otherwise flow freely in the public domain—would be subverted. And it would make little sense to go through the rigamarole of proving information was truly a trade secret if a plaintiff could alternatively plead claims with less burdensome requirements of proof. Since such an attempt to circumvent those requirements would be 'in conflict' with the mandates of the GTSA, the GTSA renders such claims superseded.").

[18] Indeed, Plaintiff relies solely on J.*T. Shannon Lumber Co. v. Gilco Lumber, Inc.*, No. 2:07-cv-119, 2010 WL 234996, at *8 (N.D. Miss. Jan. 15, 2010), which held that a claim for conversion of trade secrets was not preempted. Another court has noted, however, that this is "[t]he only case that has found a claim for conversion of trade secrets is not preempted." *New S. Equip. Mats*, 989 F. Supp. 2d at 534 ("With respect, the court must disagree. Every other court considering the issue has held to the contrary."). In addition, Plaintiff cites to *Elliott Co. v. Montgomery*, No. CV 6:15-02404, 2016 WL 6301042, at *4 (W.D. La. Sept. 28, 2016), report and recommendation adopted, No. CV 15-02404, 2016 WL 6301106 (W.D. La. Oct. 26, 2016), for the proposition that courts allow parallel LUTSA and conversion claims. Elliot, however, does not address preemption and merely allowed Plaintiff's conversion and LUTSA claims to proceed past the motion to dismiss phase. Neither of these cases compels a different result.

**B. Motion for Reconsideration**

"The essential elements of a claim pursuant to LUTSA are: (a) the existence of a trade secret; (b) a misappropriation of the trade secret by another; and (c) the actual loss caused by the misappropriation."[19] In its First Motion for Summary Judgment, Defendant argued, and this Court agreed, that Plaintiff could not show that it suffered damages from the alleged misappropriation of its trade secret. In its ruling on Defendant's First Motion for Summary Judgment, this Court stated that:

> Plaintiff argues that Defendant has been unjustly enriched by the use of its trade secrets. Specifically, it argues that Stanich copied an application developed by Brand called Schedule D, which aids in invoicing, preparing quotes, and estimating and comparing the cost of projects. Plaintiff alleges that Stanich created a version of Schedule D for use by his new employer, Defendant's subsidiary Vertical Access Solutions ("VAS"). Plaintiff alleges that the Schedule D program developed by Stanich has saved VAS in administrative personnel costs and allows the company to be more efficient and effective. Plaintiff alleges that these facts demonstrate that VAS has been unjustly enriched by the use of its trade secrets. It also alleges that its trade secrets have independent economic value because of the development costs and efficiencies gained from their use.
>
> Defendant rebuts that VAS is not a party to this case and that Defendant cannot be held liable for the unjust enrichment of its subsidiary. It is well-settled that a parent corporation is not liable for the acts of its subsidiary.[20] Plaintiff has not provided any facts or argument through which this Court could hold Defendant liable for the unjust enrichment of its subsidiary, VAS. Plaintiff

---

[19] *Dorsey v. N. Life Ins. Co.*, No. 04-0342, 2005 WL 2036738, at *12 (E.D. La. Aug. 15, 2005).

[20] *Andry v. Murphy Oil, U.S.A., Inc.*, 935 So. 2d 239, 249–50, (La. App. 4 Cir. 2006) ("Louisiana law does not permit a court to hold the parent company liable for it subsidiary's actions without proof that the parent company knew of and approved those actions.").

also has not provided any facts showing that Defendant itself benefited from the alleged misappropriation of Plaintiff's trade secrets. Accordingly, Plaintiff cannot succeed on its claim against Defendant under the LUTSA.[21]

In its Motion for Reconsideration, Plaintiff expounds on the facts of this case and more convincingly defends its claim. It argues that the Court's prior order was based on a misunderstanding of the facts of the case. It clarifies that Stanich is an employee of Irex, not VAS, and that Irex is solely in the business of providing financial support and shared services—such as IT—to its subsidiaries. Plaintiff points out that Irex performs no revenue-generating work of its own, and instead, gleans all of its profits from its subsidiaries. It therefore argues that Irex is liable under LUTSA because it benefited from the misappropriation of Brand's trade secrets performed by Irex's direct employee, Stanich.

Even given this more cogent theory of the case, however, Plaintiff still fails to prove the actual loss or damages caused by the misappropriation. Under Louisiana law, the plaintiff carries the burden of proving its damages, and it must do so with reasonable certainty.[22] Defendant argues that Plaintiff makes only "ultimate and conclusory assertions about purported damages" without identifying specific evidence to establish such. This Court agrees.

---

[21] *Brand Servs., LLC v. Irex Corp.*, No. 15-5712, 2017 WL 1709348, at *2 (E.D. La. May 3, 2017).
[22] *Mobil Expl. & Producing U.S., Inc. v. Cajun Const. Servs., Inc.*, 45 F.3d 96, 101–02 (5th Cir. 1995).

Damages cannot be proven by mere speculation or conjecture.[23] While a perfect measure of damages is not required, the plaintiff "must furnish data for a reasonably accurate estimate of the amount of damages."[24] Plaintiff has failed to do so. Plaintiff offers the following evidence regarding damages:

1. An estimate from Stanich and another Irex employee that Brand's trade secrets would save Irex two to three days in administrative personnel costs per project each month when preparing month-end invoices.
2. Testimony that Brand's trade secrets had been developed over the course of 17 years at "considerable ongoing investment."

Plaintiff then opines that a factfinder could estimate monetary damages based on these scant facts. It states that, "Two or three days of administrative personnel costs measured at $100 per day, for each project per month, will exceed $1,000 per month even if Irex was involved in as few as four scaffolding projects per month."[25] Plaintiff does not, however, provide any evidence that the administrative costs saved by Irex's use of its trade secret amount to $100 per day—or any other number for that matter. The finder of fact would be required to guess, as Plaintiff has done, as to Defendant's monthly administrative savings in order to determine to what extent Defendant was unjustly enriched. Where the claim is of "such a nature as to preclude the ascertainment of the amount of damages with certainty," damages may not be determined by mere speculation or guess. "[I]t will be enough if the evidence show[s] the extent of the damages as a matter of just and reasonable inference,

---

[23] *Nat Harrison Assocs., Inc. v. Gulf States Utilities Co.*, 491 F.2d 578, 587 (5th Cir. 1974).
[24] *Id.*
[25] Doc. 124.

9

although the result be only approximate."[26] No such just and reasonable inference can be made based on the facts in the summary judgment record. Accordingly, Plaintiff has failed to raise a genuine issue of material fact regarding the third element under LUTSA—actual loss caused by the misappropriation.[27]

## CONCLUSION

For the foregoing reasons, Defendant's Second Motion for Summary Judgment is GRANTED, and Plaintiff's Motion for Reconsideration is DENIED. All of Plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 17th day of July, 2017.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[26] *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 563 (1931); *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 879 (5th Cir. 2013) (quoting *DSC Commc'ns Corp. v. Next Level Communications*, 107 F.3d 322, 330 (5th Cir. 1997)).

[27] *See City of Bossier City v. Camp Dresser & McKee Inc.*, No. 11-0472, 2014 WL 4660791, at *4 (W.D. La. Sept. 16, 2014) ("[Plaintiff's] statements regarding 'substantial expenses' and 'considerable expenses' are ultimately conclusory facts. The statements are unsupported by any detailed factual evidence in the summary judgment record. Accordingly, CDM has failed to raise a genuine dispute of material fact as to the third element of its detrimental reliance claim.").